## SUPREME COURT.

OLIVER W. MARVIN, appellant, agt. AUGUSTUS PRENTICE, respondent.

*Action to have an absolute deed declared a mortgage.*

In an action to have a certain deed executed by the plaintiff to be declared a mortgage for the security of a loan of money, and a reconveyance of the property, the plaintiff will be entitled to the relief prayed for where he establishes the transaction for which the deed was given to have been a loan of money, and not a sale of the premises, on payment of the debt and interest at the time of redemption, although no tender was made and no offer of payment was inserted in the complaint.

The omission in that respect will not be allowed to defeat the plaintiff's rights, if in fact the loan was made, while it may have the effect of subjecting him to the payment of the costs of the action, for where an issue of fact has been found, as there has been in this case, the plaintiff is to be adjudged such relief as may be consistent with the facts proved and embraced within the issue (*Code, sec.* 275).

*First Department, General Term, May,* 1875.

APPEAL from a judgment recovered on a trial before the court at special term.

*F. G. Salmon,* for appellant.

*Augustus Prentice & Wm. M. Evarts,* for respondent.

DANIELS, *J.* — This action was brought by plaintiff to have a certain deed, executed by him to Jeremiah Hains, held to be a mortgage for the security of a usurious loan of money, and a reconveyance of the property to him by the defendant

Catharine A. Prentice, who had been vested with the title. The evidence given in the case was all taken in the first instance, before a referee, and then submitted, by stipulation of the parties, to the court, by which the cause was finally decided. But while it tended to show that an exception existed that the defendant Augustus Prentice, who advanced the money claimed to have been loaned, should receive something for its use beyond the legal rate of interest, it was altogether too uncertain and indefinite, in any view of it, to create an agreement, or even a settled understanding of that nature. If, however, the transaction was based upon a loan, the plaintiff should still be entitled to be relieved against his deed given to complete its security, by being allowed to redeem on payment of the debt and interest, although no tender was made, and no offer of payment was inserted in the complaint. The omission in that respect will not be allowed to defeat the plaintiff's rights, if in fact the loan was made, while it may have the effect of subjecting him to the payment of the costs of this action, for, where an issue of fact has been found in the action, as there has been in the present case, the plaintiff is to be adjudged such relief as may be consistent with the fact proved and embraced within the issue (*Code, sec.* 275).

The plaintiff's complaint was dismissed at the trial, but, as that was not done on account of any defective statement of facts, constituting a right of action, but because the proof was not deemed to be sufficient to warrant a recovery, the pleadings will not require to be considered in the decision of the appeal. For the plaintiff, it was insisted, that the evidence established the fact that the transaction between himself and the defendant Augustus Prentice consisted of a loan of $2,000, while he, on the other hand, maintained it to be an absolute purchase of the property, and the amount advanced to be a part payment of the price. The business was done for the plaintiff by Edwin Wilcox, who acted as his agent, and under his authority.

Marvin agt. Prentice.

The land described in the deed and in the complaint was in litigation, with at least the possibility that the proceedings might result adversely to the plaintiff. Wilcox, the agent, was the principal witness who was examined on the plaintiff's behalf during the trial, and he testified distinctly and positively that nothing but a loan of money was applied for or desired; while, on the contrary, the defendant Augustus Prentice directly denied that statement, and added, "that a sale alone was suggested and agreed upon." But upon this subject the evidence of Prentice is without any substantial corroboration or support. That given by Wilcox was very materially confirmed by an unusually extended cross-examination, in the course of which he was made to repeat his statements of the facts a great many times, and in every instance with such a remarkable degree of uniformity as could only be derived from actual recollection. Some contradictions are referred to in defendant's points, but they relate to very unimportant matters, mainly consisting of his views concerning the proper conclusions to be derived from circumstances brought to his attention. They are no more than would be expected to be found in frequent repetitions of the recollections of the most truthful witness.

The statements of this witness are further sustained by the evidence given by his sons, Henry C. and Frank Wilcox, who testified that on different occasions they had been with him to the office of Mr. Prentice when a loan of money was alone applied for. That this was true, and the money loaned instead of being paid, is strongly confirmed by the fact that a bond and mortgage was taken by Mr. Prentice for its security. He affirmed that this was done to protect him against the possible consequences of a failure of the title to the property. But in that he was unsustained by the fact that the instruments made for the purpose seem to have been in the ordinary form for the absolute payment of money with the interest accruing upon it as they would be upon a mere loan, and not in that required to guard against the contingency

mentioned. They were drawn by himself or under his immediate supervision in his own office, and must, therefore, be regarded as being formally such as he intended they should be. And in order to render it reasonably certain that the debt would be paid if the title to the lot failed, the plaintiff's agent and another person guaranteed the payment of the bond.

Besides the bond and mortgage, a deed was made of the same property to Jeremiah Hains, who was shown to have been a person under the control of the defendant Augustus Prentice; this the plaintiff's agent stated was required by the defendant as further security before he would consent to loan the money. And that it was for his benefit was not denied, but the fact was found by the court, and it was confirmed by a conveyance, made in a few days afterward, to the defendant's wife and at his instance.

If a simple conveyance of the title to the lot was all that was intended to be accomplished, the plain and direct mode of making it would have been the execution of a deed to the defendant Augustus Prentice, with a guarantee that the title should be confirmed by the adjudication expected to be made upon it, or the consideration refunded. The fact that a different course was adopted rather indicated the existence of a purpose which could be best secured by some indirect means; and that was said to have been the case by Wilcox, who testified that the only object of giving the deed to Hains was to satisfy the requirements of the defendant that his security for the loan should be increased in that way, and the means afforded through which some further compensation might be obtained for the use of the money beyond the legal interest mentioned in the bond and mortgage.

At the same time a bond and mortgage were taken from Hains, by the defendant to the plaintiff, to secure the payment of $4,500 at certain specified times after the title was established. This, Wilcox stated, was done at the suggestion of the defendant Augustus Prentice.

Marvin agt. Prentice.

It does not appear that these instruments were read to the agent of the plaintiff; and, while they were, probably, formally delivered to him, they immediately passed back into the possession of the defendant, where, with the exception of the time required to record the mortgage, they remained until what is relied on as a final adjustment of the business afterward took place. This circumstance, too, is not without weight in favor of the plaintiff's theory in the case. For, if the bond and mortgage were, in fact, taken for the plaintiff, is it not a little remarkable that they were not placed in the possession of himself or his agent?

A release of dower was also taken from another person, but it is without any special significance in the case, for it could as consistently be required whether the loan were made or the complete title to the property was designed to be conveyed. But all these papers were recorded at the expense of the plaintiff, and he was made to pay for drawing them by a deduction sufficient for that purpose, made by the defendant Augustus Prentice, from the $2,000 it was agreed should be advanced. The expense of recording the deed to Hains was only a small amount, but the plaintiff could consistently be required to bear it upon the supposition alone that it was given as security for a loan instead of being an unqualified conveyance of the title. By the bond taken from Hains it was provided that all taxes, assessments, charges and liens of any and every kind, upon or affecting the said premises, when the said $2,000 becomes due and payable should be deducted from the money secured thereby. The $2,000 became payable in sixty days after all litigation concerning the premises ended. And this clause obligated the plaintiff to pay taxes and assessments imposed after the deed was made and before that period should arrive.

About seven months after the papers were made, and when the title to the land had been fully confirmed, the plaintiff's agent applied for a redemption and reconveyance of the property, but that was declined by the defendant Augustus

Prentice; and the agent testified that he then received the amount payable on the bond and mortgage from Hains, after deducting the unpaid taxes and assessments, including taxes which became a lien after the deed was executed, and satisfied the mortgage; and also received a satisfaction of the mortgage given to secure $2,000 advanced.

This was found to be substantially true by the court at the trial. The agent testified that he took the balance paid because he concluded from the refusal of Mr. Prentice and the conveyance made to his wife, that nothing better could be done, and in that he was clearly correct, so far as all voluntary actions might be considered.

But at that time no new agreement was made between the parties. If the deed was simply an additional security before that it necessarily remained so afterward. If the equity of redemption was owned by the plaintiff it was not conveyed by the mere discharge of the mortgage, which had been given by Hains. If it had been conveyed at all, that was done by the deed to Hains. But as between these parties, that deed could not be attended with that effect. If it was executed only as a security for the money loaned, and that such was its object and purpose was shown by the evidence of the plaintiff's agent, which was so far sustained by that given by the two other witnesses referred to, and the circumstances in the case, as to render it entirely reliable, notwithstanding the fact that he was interested in the result of the action and opposed by the statements of the case given by the defendant Augustus Prentice. The leading features of the transaction show it to have been a loan and not a sale, and that the defendant's recollection of it had been probably so far obscured by professional cares and engagements and the lapse of time as to render it inaccurate and unreliable.

It is not contended that the defendant Catherine A. Prentice acquired any better title than Hains had to the property. She paid nothing for it, and it was conveyed to her at the instance and by the interposition of her husband, who had the man-

agement of the entire business of loaning the money, taking the bond and mortgage for its security and payment, the deed to Hains and the bond and mortgage from him. There was no insurmountable obstacle in the way of a judgment for redemption of the lot in plaintiff's favor.

It appears to have been worth one-third more than the consideration mentioned in the deed, when that was made. And that could not fairly have been reduced by reason of the litigation as long as the defendant Augustus Prentice was in any event, according to his own statement, fully protected against it. Such a judgment should have been directed on the usual terms imposed in this class of cases. The judgment appealed from should be reversed and a new trial ordered, with costs to the plaintiff on this appeal, to abide the event of the action.